# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| Jeffrey Lorenzo Sanders, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:04-253-CWH |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On January 27, 2004, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On April 6, 2005, the government moved for summary judgment. On April 7, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On June 30, 2005, the petitioner supplemented his petition and on July 5, 2005, responded to the motion for summary judgment. This matter is now ready for disposition.

On September 24, 2002, a grand jury returned a two count indictment charging the petitioner and Dominique Brown with: Count (1) conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base (crack); and Count (2) possess with intent to distribute 50 grams or more of crack. On February 19, 2003, the petitioner pled guilty to Count (1). On May 20, 2003, the Court sentenced the petitioner to 188 months confinement followed by 4 years of supervised release. The petitioner did not appeal his guilty plea or sentence.

The petitioner raises the following claims of ineffective assistance of counsel in this

action: (1) counsel did not move to suppress evidence seized during the search of the petitioner's vehicle, (2) the Court did not have jurisdiction to enhance the petitioner's sentence based on his prior convictions because the government did not file a section 851 information, and counsel was ineffective for not raising this issue, (3) counsel did not question whether the drugs seized from the petitioner's vehicle was crack and not cocaine, (4) the petitioner's sentence violates the principles set forth by the Supreme Court in the Apprendi, Blakely, and Booker decisions.  In the supplemental motion to vacate, the petitioner claims the Court incorrectly sentenced him as a career offender

In a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell

below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice.  The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

First, the petitioner claims that because the government did not file a section 851 information, the Court did not have jurisdiction to enhance his sentence based on prior convictions.  Counsel, the petitioner claims, was ineffective for failing to raise this issue.  The Court, however, did not enhance the petitioner's sentence pursuant to 21 U.S.C. § 851(a). Rather, the Court enhanced the petitioner's sentence based on his prior convictions under sentencing guideline section 4B1.1.  The requirements under section 851 do not apply when the government seeks enhancements under the sentencing guidelines.  United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995).  The petitioner is not entitled to relief on this claim.

Second, the petitioner claims the police stopped and searched his vehicle without probable cause.  The government contends that the police had probable cause to stop the petitioner's vehicle and subsequently search it.  The Presentence Report reveals that on September 5, 2002, the day of the arrest, a confidential informant (CI) contacted Chesterfield

police and informed an officer that the petitioner was in town with one-half kilogram of cocaine. The CI had worked with the Chesterfield police in the past. Chesterfield authorities arranged a buy with the CI at the Blue Sky Mart in Chesterfield County. The CI told the petitioner that they would meet a buyer at the Blue Sky Mart where the police had set up surveillance. The CI told the police that the petitioner would be driving a Ford Excursion. When the Excursion drove by, the police executed a traffic stop.

The petitioner, Brown (the petitioner's co-defendant), and the CI were in the vehicle. The police asked the CI where the cocaine was located and the CI stated it was in a black bag on the floor of the front passenger side of the vehicle. On the floor of the passenger side was a black bag which contained a plastic bag with several large pieces of crack totaling 74.4 grams. The vehicle was then searched by a K-9 unit. Prior to the search by the K-9, the petitioner told police there was marijuana in the door panel. The K-9 unit also detected marijuana in a brown bag between the passenger seat and console. This bag contained marijuana. In addition, the police found a bundle with black electrical tape around it. The bundle contained 249 grams of cocaine. The petitioner contends that the CI was not sufficiently reliable to establish probable cause to stop the petitioner's vehicle, the petitioner's consent to search vehicle was forced, and the police illegally searched the bags containing crack and cocaine without a search warrant.

The police officer had information from an informant who the police had dealt with in the past. The CI knew the petitioner. The information the informant gave police was specific and corroborated. The police had probable cause to believe contraband was in the petitioner's vehicle. See Illinois v. Gates, 462 U.S. 213, 230 (1983). Under the "automobile exception," if a vehicle is readily mobile and probable cause exists to believe a vehicle contains contraband, a

search of the vehicle without a warrant is permissible. Maryland v. Dyson, 527 U.S. 465, 466 (1999). If probable cause exists to search the vehicle, law enforcement may conduct a search as if a Magistrate had authorized a warrant. United States v. Ross, 456 U.S. 798, 821 (1982). The police had probable cause to believe the vehicle contained drugs, and the search of any containers or compartments found in the vehicle was lawful. Wyoming v. Houghton, 526 U.S. 295, 300 (1999). The police, therefore, did not violate the petitioner's rights under the Fourth Amendment by stopping and searching his vehicle including searching the containers in the vehicle. The petitioner fails to demonstrate prejudice and is not entitled to relief on this claim.

Third, the petitioner claims counsel was ineffective for allowing the Court to incorrectly sentence him for possessing crack with no proof that any of the drugs seized were crack. The petitioner claims that the drugs found in his vehicle were cocaine. The petitioner received an offense level of 34 for being a career offender. USSG § 4B1.1. This guideline provision mandates an offense level of 34. The type of drugs attributed to the petitioner, consequently, did not affect his sentence. Moreover, 74.4 grams of crack and 249 grams of cocaine were found in the vehicle. The drug weights were confirmed by the DEA. The petitioner fails to demonstrate prejudice and is not entitled to relief on this claim.

Fourth, in a supplemental motion filed after the government's motion for summary judgment, the petitioner alleges two of his prior state court convictions should not have been counted towards the calculation of his criminal history level. The first is a 1980 conviction for conspiracy to commit a robbery, felony murder, and attempted armed robbery. The petitioner claims this conviction was not within the fifteen year limitation period. The second conviction the petitioner cites is a conviction for attempted escape and battery. This conviction, the

petitioner claims, was vacated.

A defendant is a career offender if the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). Assuming the petitioner is correct regarding the two convictions listed above, two more convictions remain that qualify the petitioner for career offender status: (1) A conviction in 1985 for robbery and battery. The petitioner was confined until April 11, 1988 for this conviction, within the fifteen year time period;[1] and (2) Possession with intent to distribute cocaine punishable by a 30 month sentence.[2] The petitioner is not entitled to relief on this claim.

Finally, the petitioner claims that his sentence violates the principles set forth in Apprendi v. New Jersey, Blakely v. Washington, and United States v. Booker. The petitioner received less than the statutory maximum, 240 months, for his conviction. Consequently, the rule in Apprendi was not violated. In addition, the petitioner was sentenced prior to the Supreme Court's decision in Booker. The Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case

---

[1] A conviction in which the resulting sentence was served within fifteen years from the instant offense is counted. USSG § 4A1.2(e)(1). The petitioner committed the instant offense on September 5, 2002. The fifteen year period, consequently, extends back to September 5, 1987. The petitioner finished serving his sentence under the robbery and battery conviction in April 1988.

[2] The two prior felony convictions do not have to be for the same type of offense. USSG § 4B1.2(c).

has run its course and his conviction and sentence became final in 2003, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

*C. Weston Houck* (signature)

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 9, 2005
Charleston, South Carolina