**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Jeffrey Lorenzo Sanders, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:04-253-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On January 27, 2004, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. The Court subsequently granted the government's motion for summary judgment and dismissed the petition. The petitioner then filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

28 U.S.C.§ 2255 bars successive collateral review applications unless they contain claims relying on:

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8 (2006). Before filing a successive collateral review application in a district court, a prisoner must first obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3) (2006). Absent pre-filing authorization, a district court has no jurisdiction to consider these applications. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Therefore, a district court must determine if a prisoner's motion to alter or amend is the functional equivalent of a successive attempt to collaterally attack the prisoner's conviction and

sentence. Id at 206.

## I. Rule 59(e)

Rule 59(e) motions suspend the time for appeal and are not collateral attacks on a final judgment. Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002). Rather, these motions permit a district court to correct its own errors "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Consequently, motions properly construed under Rule 59(e) are not subject to the statutory limitation on successive applications. Curry, 307 F.3d at 665.

Motions to alter or amend a judgment filed within 10 days of entry of the judgment are construed under Rule 59(e). Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996); *see also* Fed. R. Civ. P. 59(e). The calculation of time excludes intermediate Saturdays, Sundays, and legal holidays. Fed. R. Civ. P. 6(a).[1] The Clerk entered judgment in this case on August 9, 2005. The petitioner delivered the motion to prison officials on August 26, 2005. The motion is considered filed on that date. Houston v. Lack, 487 U.S. 266, 276 (1988).[2] Ten business days from August 9, 2005, was August 23, 2005. Consequently, the motion was not filed within the allotted time and cannot be construed under Rule 59(e). Small, 98 F.3d at 797.

## II. Rule 60(b)

A motion to alter or amend filed after 10 days from entry of the judgment should be

---

[1] Because the time to file a motion under Rule 59(e) begins running when a judgment is entered and not when service is commenced, three days are not added for mailing as is provided under Fed. R. Civ. P. 6(e). FHC Equities, LLC v. MBL Life Assur. Corp., 188 F.3d 678, 682 (6th Cir. 1999).

[2] The petitioner dated the motion August 25, 2005.

analyzed under Rule 60(b).  Small, 98 F.3d at 797; *see also* Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  A Rule 60(b) motion that directly attacks a conviction or sentence is usually barred as a successive application.  Winestock, 340 F.3d at 207.  A Rule 60(b) motion seeking relief from some defect in the collateral review process will generally be deemed a proper Rule 60(b) motion and not a successive application.  Id.

The petitioner raises the following claims in the motion to amend: (1) a new claim of ineffective assistance of counsel because counsel allegedly failed to interview witnesses before advising the petitioner to plead guilty; (2) ineffective assistance of counsel because counsel did not file a motion to suppress evidence found during a search of the petitioner's vehicle and of the bags within the vehicle; and (3) the Court did not address the petitioner's fifth claim of ineffective assistance of counsel.

First, the petitioner's new claim of ineffective assistance of counsel is a direct attack on the petitioner's guilty plea and implicates the rules against successive applications.  Winestock, 340 F.3d at 207.  Moreover, the claim is without merit.  The petitioner questions the credibility of the arresting officer, who was allegedly later convicted of embezzlement, and the credibility of the confidential informant, who the petitioner alleges provided inconsistent statements regarding the amount and type of drugs attributed to the petitioner.  However, the police found marijuana, crack cocaine, and powder cocaine in the petitioner's vehicle and the petitioner later admitted that these drugs were his.

Based on the evidence the petitioner faced when he pled guilty, no reasonable probability exists that the petitioner would not have pled guilty in favor of a jury trial, had he learned of the impeachment evidence against the arresting officer and confidential informant.  Hill v. Lockhart,

474 U.S. 52, 59 (1985). Consequently, the petitioner fails to demonstrate prejudice.

Second, the petitioner alleges that the police violated his rights under the Fourth Amendment by illegally searching the bags inside his vehicle. In the August 9, 2005, order dismissing the case, the Court held that the police had probable cause to search the petitioner's vehicle and the bags in the vehicle. The petitioner simply disagrees with this decision. This claim is a successive attempt to attack the petitioner's guilty plea and must be dismissed.

Third, the petitioner argues that the Court did not address his fifth claim of ineffective assistance of counsel set forth in a supplemental motion to vacate. This fifth claim alleges that counsel was ineffective for withdrawing the petitioner's objections at sentencing. The petitioner's objections challenged the amount of crack cocaine attributed to him and challenged the petitioner's classification as a career offender. In the August 9, 2005, order, the Court held that the amount of crack cocaine attributed to the petitioner was correct and that the petitioner was properly classified as a career offender. Therefore, this claim has been addressed and is not a proper Rule 60(b) claim.

The petitioner's motion to amend is a successive attempt to collaterally attack his guilty plea and sentence. The Court has no jurisdiction to consider it. Consequently, the motion is dismissed.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina